# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

RANDY THOMAS STRADLEY,

    Petitioner,    CASE NO: 09-CV-14484

v.    JUDGE PAUL D. BORMAN
    UNITED STATES DISTRICT JUDGE

BLAINE LAFLER,

    Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL

Pending before the Court is Petitioner Randy Thomas Stradley's "Motion for Appointment of Counsel." (Dkt. # 7.) On November 17, 2009, Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. Petitioner pleaded no contest in Oakland County, Michigan, circuit court to armed robbery, first-degree home invasion, felon in possession of a firearm, impersonating a police officer, and three counts of felony firearm. He was sentenced on the more serious charge of armed robbery to thirty to sixty years in prison, along with the mandatory two years in prison for the felony firearm conviction. In the present motion, Petitioner is requesting that the Court appoint him an attorney because the issues in his case are complex and substantial. For the reasons stated, the Court will deny Petitioner's motion.

There exists no constitutional right to the appointment of counsel in civil cases, and the Court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.") (internal quotation omitted). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States

magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

The Court determines that the interests of justice do not require appointment of counsel at this time. The Court will reconsider Petitioner's request if, following a review of the pleadings and the necessary Rule 5 materials, the Court determines that appointment of counsel is necessary. Petitioner need not file additional motions on this issue.

Accordingly, **IT IS ORDERED** that Petitioner's "Motion for Appointment of Counsel" [Dkt. # 7] is **DENIED WITHOUT PREJUDICE**.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: April 30, 2010

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on April 30, 2010.

S/Denise Goodine
Case Manager