**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RANDY STRADLEY,

       Petitioner,                              CASE NO. 09-cv-14484

v.                                               JUDGE PAUL D. BORMAN
                                                   UNITED STATES DISTRICT JUDGE

BLAINE LAFLER,

       Respondent.
_____/

**ORDER DENYING WITHOUT PREJUDICE**
**MOTIONS FOR DISCOVERY AND FOR AN EVIDENTIARY HEARING**

On November 17, 2009, Petitioner Randy Stradley filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. Pending before the Court are his motions for discovery and for an evidentiary hearing.

In Petitioner's discovery motion, he is seeking the following: (1) chemical analysis of the seized heroin and cocaine, (2) copy of the medical records used by Dr. Fields and from the Oakland County jail, all pertaining to him, (3) Oakland County jail log entries pertaining to him, (4) a copy of Dr. Fields curriculum vitae, (5) a copy of payment to Dr. Fields for services rendered, (6) video transcription of the competency and plea hearing, and (7) all log entries regarding his movements while at the Oakland County circuit court, including from holding cell to attorney booth. Along with his discovery motion, Petitioner also requests that the Court hold an evidentiary hearing. For the reasons stated, the Court will deny Petitioner's motions.

    A.    **MOTION FOR DISCOVERY**

As a general rule, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).

At this time, Petitioner has not made the requisite showing of "good cause" that his possession of the requested items are necessary to the disposition of his case. *Id.* at 908; 28 U.S.C. foll. § 2254, Rule 6(a). Petitioner has already filed a habeas petition and supporting materials. This Court has ordered Respondent to submit a response to Petitioner's petition and all the relevant state court materials, pursuant to Rule 5 of the Rules Governing Section 2254 Cases. Respondent's response was filed on June 25, 2010, and all the Rule 5 materials were filed on July 12, 2010. The Court has not yet had an opportunity to review those materials. After the Court reviews those materials, and if the Court determines that more discovery is necessary, then it will issue an appropriate order.

### B. MOTION FOR EVIDENTIARY HEARING

Regarding Petitioner's request for an evidentiary hearing, Rule 8 of the Rules Governing 2254 Cases in the United States District Courts states, in pertinent part:

> If the petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required.

Because the Court has yet to review Respondent's answer and the Rule 5 materials, the Court denies Petitioner's request.

### C. CONCLUSION

Accordingly, **IT IS ORDERED** that Petitioner's motion for discovery is **DENIED WITHOUT PREJUDICE** [dkt. #16]. Should the Court determine that the requested materials are necessary for the resolution of Petitioner's case after reviewing Respondent's answer and the state court record, it will reconsider Petitioner's request and issue an appropriate order.

**IT IS FURTHER ORDERED** that Petitioner's motion for an evidentiary hearing is also

**DENIED WITHOUT PREJUDICE** [dkt. # 16]. The Court will bear in mind Petitioner's request, and if, upon review of the pleadings, the Court determines that an evidentiary hearing is necessary for resolution of this habeas action, then it will issue an appropriate order.

Petitioner need not file any additional motions regarding these matters.

**IT IS SO ORDERED**.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: October 4, 2010

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on October 4, 2010.

S/Denise Goodine
Case Manager