UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY STRADLEY,

      Petitioner,                            CASE NO. 2:09-cv-14484

v.                                       JUDGE PAUL D. BORMAN
                                          UNITED STATES DISTRICT JUDGE

BLAINE LAFLER,

      Respondent.
_____/

**OPINION AND ORDER DENYING PETITION
FOR A WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A
CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION FOR
AN APPLICATION FOR LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

## I.    INTRODUCTION

This is a habeas case filed by a state prisoner under 28 U.S.C. § 2254. Michigan prisoner

Randy Stradley ("Petitioner") is incarcerated by the Michigan Department of Corrections at the Ryan

Correctional Facility in Detroit, Michigan, where he is serving sentences following his no-contest-

guilty-plea convictions for armed robbery, first-degree home invasion, felon in possession of a

firearm, impersonating a peace officer, and four counts of felony firearm. Petitioner's no-contest-

plea convictions occurred in the Circuit Court in Oakland County, Michigan, on February 1, 2005.

On February 22, 2005, Petitioner was sentenced, as a fourth-offense habitual offender,

pursuant to a *Cobbs*[1] sentencing agreement. His sentences are as follows: concurrent prison terms

of thirty to sixty years for the robbery conviction, ten to twenty years for the home-invasion

conviction, two to twenty years for the felon-in-possession conviction, and two to fifteen years for

_____

[1]*People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993).

the impersonating-a-peace-officer conviction. Those sentences are to be served after Petitioner serves a mandatory two-year-prison term for his felony-firearm convictions.

Petitioner filed this Habeas Petition on November 17, 2009. In his pleadings, he raises claims concerning trial-court error in denying his motion to withdraw his plea, a violation of his due-process and equal-protection rights, trial-court error in failing to hold a hearing with respect to his mental disorders, the effectiveness of trial and appellate counsel, and the establishment of good cause for failing to raise those claims in his direct appeal.

For the reasons set forth, the Court denies the Petition. The Court also declines to issue Petitioner a Certificate of Appealability and denies him permission for an Application for Leave to Proceed on Appeal *In Forma Pauperis*.

## II.   BACKGROUND

Petitioner's troubles in this case arise because of an armed robbery that took place on February 27, 2004, in West Bloomfield, Michigan. At the plea hearing held on February 1, 2005, the parties stipulated that the factual basis for Petitioner's no-contest plea was established by a West Bloomfield police report and the preliminary-examination hearing, which was held on March 15, 2004.

At the plea hearing, the prosecutor stated the following:

That the defendant did assault a certain person, specifically, Sam [Berman], on February 27th of 2004, while being armed with a dangerous weapon, a gun and then did thereby feloniously rob, steal and take from the person of Sam [Berman] or in his presence, certain property. Specifically money and jewelry, as to count one.

As to count two, that he did that armed robbery while in possession of a pistol.

2

As to count three, that the defendant did break and enter and/or enter without permission a dwelling located at 4415 Rolling Pine Drive, and while entering, present and/or exiting, did commit an assault against Sam [Berman]. And, while entering, present and/or exiting the dwelling was armed with a revolver, and Sam and Minnie [Berman] were lawfully present at the house.

As to count four, that the defendant did that home invasion first[-]degree while in possession of a firearm, specifically a pistol.

As to count six, that the defendant did possess, use and/or transport a firearm while ineligible to do so because he had been convicted of home invasion second[-] degree, which is a specified felony, and the requirements for regaining eligibility had not been met.

As to count seven, that he did that felon (sic) in possession—while in possession of a pistol.

As to count eight, that the defendant did represent to Sam [Berman] that he was a peace officer by showing him a badge and—in order to commit or attempt to commit home invasion first[-]degree, when he was in fact not a police—a peace officer.

And finally as to count nine, that he did impersonate a police officer while he had in his possession a firearm, specifically a pistol.

And, all of those facts would be contained in the police report and the preliminary[-]examination transcript.

Competency Hr'g/Plea Tr. 34-36 Feb. 1, 2005.

Also at that hearing, Dr. Dexter Lee Fields, a psychiatrist hired by Petitioner, testified as to

Petitioner's competency. It was Dr. Fields's opinion that Petitioner was competent to stand trial.

The trial judge agreed. Competency Hr'g/Plea Tr. 24 Feb. 1, 2005.

Following Dr. Fields's testimony, Petitioner agreed to plead no-contest to the charges, as

described. The following colloquy took place at the hearing:

THE COURT: Okay. You understand that you're entering a plea of no[-]contest to the following, count one, armed robbery?

3

[PETITIONER]: Yes, ma'am.

THE COURT: Okay. And, you understand that as to that count you could be sentenced to–up to life in prison?

[PETITIONER]: Yes, ma'am.

THE COURT: Also you're pleading no[-]contest to count two, possession of a firearm in the commission of a felony?

[PETITIONER]: Yes, ma'am.

THE COURT: And, you understand there is a mandatory two years that would be in addition to any other sentence that you have?

[PETITIONER]: Yes, ma'am.

THE COURT: Do you understand that you are pleading no[-]contest to count three, home invasion, first[-]degree?

[PETITIONER]: Yes, ma'am.

THE COURT: And, the Court could sentence you to 20 years in prison for that crime?

[PETITIONER]: Yes, ma'am.

THE COURT: Also, you're pleading no[-]contest to count four, possession of a firearm in the commission of a felony?

[PETITIONER]: Yes, ma'am.

THE COURT: And, again that's a two[-]year consecutive sentence mandatory.

[PETITIONER]: Yes, ma'am.

THE COURT: You're also pleading no[-]contest to count six, possession by a felon of a firearm or weapon?

[PETITIONER]: Yes.

THE COURT: And, the Court could sentence you to as much as five years in prison in regard to that count?

4

[PETITIONER]: Yes.

THE COURT:  You're also pleading no[-]contest to count seven, possession of a firearm in commission of a felony?

[PETITIONER]: Yes.

THE COURT:  And, that again is a two[-]year mandatory consecutive sentence.

[PETITIONER]: Yes.

THE COURT:  You're also pleading a no[-]contest to count eight, impersonating a peace–peace officer to commit a crime?

[PETITIONER]: Yes ma'am.

THE COURT:  And, you understand the Court could sentence you to up to four years in prison for that count?

[PETITIONER]: Yes, ma'am.

THE COURT:  Also, you're pleading no[-]contest to count nine, possession of a firearm in the commission of a felony?

[PETITIONER]: Yes, ma'am.

THE COURT:  Again, that's a two[-]year mandatory sentence.

[PETITIONER]: Yes.

THE COURT:  A little bit louder.

[PETITIONER]: Yes.  Yes, I understand.

THE COURT: Alright.  Pursuant to the case [*People v. Cobbs*], I'm agreeing with your attorney to the following sentence in this matter.  Thirty years on the minimum, but that will be–there will be an additional two years on the felony[-]firearm counts, you understand that.  So, the minimum will actually be 32 years.  Do you understand that?

[PETITIONER]: Yes.

THE COURT:  A little bit louder.

5

2:09-cv-14484-PDB-MJH   Doc # 22   Filed 06/22/12   Pg 6 of 23   Pg ID 956

[PETITIONER]: Yes.

THE COURT: Okay. And, I am agreeing that maximum will be 60 years. Do you understand that?

[PETITIONER]: Yes.

Competency Hr'g/Plea Tr. 27-30 Feb. 1, 2005.

At his plea hearing, Petitioner also stated that he was satisfied with his attorney, that no one threatened him to plead guilty, and that it was his own choice to plead guilty. Competency Hr'g/Plea Tr. 27, 33 Feb. 1, 2005. The trial judge accepted the plea, finding that it was an "understanding, accurate, and voluntary plea." *Id.* at 37.

Petitioner's sentencing hearing was held on February 22, 2005. At that hearing, Petitioner made an oral motion to withdraw his no-contest plea. The trial court denied his request and sentenced him to the terms described. Sentencing Hr'g Tr. 5 Feb. 22, 2005.

Subsequently, Petitioner filed a Delayed Application for Leave to Appeal with the Michigan Court of Appeals, raising claims concerning trial-court error in denying his motion to withdraw his plea and in improperly scoring Offense Variables four, seven, eight, ten, and fourteen. The Court of Appeals denied the Delayed Application. *People v. Stradley*, No. 263772 (Mich. Ct. App. Aug. 24, 2005). His Motion for Reconsideration also was denied. *People v. Stradley*, No. 263772 (Mich. Ct. App. Sept. 28, 2005). Petitioner then filed an Application for Leave to Appeal with the Michigan Supreme Court, raising the same claims as well as several additional claims. He also filed a Motion to Remand for a *Ginther*[2] hearing. The Supreme Court denied both the Motion to Remand and the Application for Leave to Appeal. *People v. Stradley*, 474 Mich. 1094, 711 N.W.2d 61 (2006)

---

[2]*People v. Ginther*, 390 Mich. 436, 212 N.W.2d 922 (1973).

6

(Table) (Marilyn J. Kelly, J., would hold this case in abeyance for *People v. Drohan*, lv. gtd. 472 Mich. 881, 693 N.W.2d 823 (2005)).

Petitioner then filed a Motion for Relief from Judgment with the state trial court, raising the same claims raised in this Habeas Petition, minus his first habeas claim. The trial court denied the Motion. *People v. Stradley*, No. 2004-195184-FC (Oakland Cnty. Cir. Ct. June 18, 2007). Petitioner filed a Delayed Application for Leave to Appeal the trial court's decision with the Court of Appeals, which was denied. *People v. Stradley*, No. 286052 (Mich. Ct. App. Jan. 30, 2009). The Michigan Supreme Court also denied his Application for Leave to Appeal "because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Stradley*, 485 Mich. 862, 771 N.W.2d 783 (2009) (Table).

Petitioner filed his Habeas Petition on November 17, 2009, signed and dated November 6, 2009. Respondent filed an Answer, arguing that the Petition should be denied because Petitioner's first claim lacks merit and his remaining claims are procedurally defaulted. Respondent argues that Petitioner has failed to establish cause to excuse the default, and therefore, the claims are not entitled to habeas review.

## III.   ANALYSIS

### A.   Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, Petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

7

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state[-]court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409; *see also Pinchon v. Myers*, 615 F.3d 631, 638-39 (6th Cir. 2010) (same). A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 410-11.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, --- U.S. ---, ---, 130 S.Ct. 1855, 1862 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)); *see also Nields v. Bradshaw*, 482 F.3d 442, 449 (6th Cir. 2007) (the AEDPA requires that the federal courts give a high degree of deference to factual determinations made by the state courts). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state[-]court's decision." *Harrington v. Richer*, --- U.S. ---,

8

---, 131 S.Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized that "[i]t bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).

Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state[-]court's decision conflicts with" the Supreme Court's precedents. *Harrington*, --- U.S. at ---, 131 S.Ct. at 786. Indeed, "[s]ection 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)) (Stevens, J., concurring in judgment)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87.

Additionally, a state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, review under section 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, --- U.S. ---, ---, 131 S.Ct. 1388, 1398 (2011).

With those standards in mind, the Court proceeds to address Petitioner's claims.

9

**B.      Petitioner's Claims**

**1.      Claim I--Raised in Direct Appeal**

In his first habeas claim, Petitioner asserts that he is entitled to habeas relief because the trial court erred when it denied his request to withdraw his plea because it was not knowingly, intelligently, and voluntarily made.  He also argues that his trial counsel pressured him into pleading no-contest and was ineffective for doing so.

First, to the extent that Petitioner alleges that the trial court erred in not providing him an opportunity to withdraw his plea, his claim is not cognizable on habeas review because it is a state-law claim.  Petitioner cannot show a denial of his constitutional rights by the trial court's failure to allow him to withdraw his plea.  Federal habeas courts have no authority to interfere with perceived errors in state law unless the petitioner is denied fundamental fairness in the trial process.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Dep't of Corr.*, 4 F.3d 1348, 1354 (6th Cir. 1993).  A criminal defendant has no constitutional right to withdraw a validly and voluntarily entered guilty plea.  *See Chene v. Abramajtys*, 76 F.3d 378, at *2 (6th Cir. 1996) (Table) (citing *Brady v. United States*, 397 U.S. 742, 749 (1970)); *Metcalf v. Bock*, No. 00-10361-BC, 2002 WL 31749157, at *5 (E.D. Mich. Dec. 5, 2002) (Lawson, J.); *see also Johnson v. Prelesnik*, No. 2:08-cv-13741, 2010 WL 2804937, at *7-8 (E.D. Mich. June 23, 2010) (Rosen, J.) ("[a] criminal defendant has no constitutional right to withdraw a validly and voluntarily entered guilty plea") (citing *Chene*, 76 F.3d, at *2).

Accordingly, the trial court's failure to not allow Petitioner to withdraw his plea under the governing state-court rules does not state a cognizable basis for habeas relief.

10

Second, to the extent that Petitioner asserts a violation of his federal-constitutional rights, the Court finds that his claim is without merit. When a petitioner is convicted as a result of a plea, habeas review is limited to whether the plea was made voluntarily, intelligently, and knowingly. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969); *see also United States v. Broce*, 488 U.S. 563, 570 (1989) (same). A plea is voluntary if it is not induced by threats or misrepresentations, and the defendant is made aware of the direct consequences of the plea. *See Brady*, 397 U.S. at 755; *see also Ruelas v. Wolfenbarger*, 580 F.3d 403, 408 (6th Cir. 2009), *cert. denied*, --- U.S. ---, 130 S.Ct. 3322 (2010) (the defendant must appreciate the consequences of his plea, waive his rights without being coerced, and understand the rights that he is surrendering).

The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Brady*, 397 U.S. at 749. The plea is intelligent and knowing if nothing indicates that the defendant is incompetent or otherwise not in control of his mental faculties, is aware of the nature of the charges, and is advised by competent counsel. *Id.* at 756. The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748.

During the plea hearing, in which the trial judge also addressed the issue of whether Petitioner was competent to stand trial, the trial judge addressed Petitioner personally and was satisfied that he was competent to make the plea. Competency Hr'g/Plea Tr. 6-24, 27-33 Feb.1, 2005. The trial judge also informed Petitioner that, if he pleaded no-contest to the charges against him, he would be giving up his constitutional right to a trial, confront prosecution witnesses, compel defense witnesses, and testify on his own behalf. *Id.* at 31-32. Petitioner clearly stated that he understood that he was giving up those rights. When the trial judge asked him if "anyone [had]

threatened [him] in order to get [him] to plead no-contest," he responded, "no." *Id.* at 33. The record also indicates that Petitioner was well-aware of the maximum sentences that could be imposed for the crimes to which he was pleading guilty. *Id.* at 27-30; *see King v. Dutton,* 17 F.3d 151, 154 (6th Cir. 1994) (a petitioner must be cognizant of the maximum sentence that can be imposed for the crime for which he or she is pleading guilty).

The Court finds that the record reveals that Petitioner was aware of the relevant circumstances and likely consequences in pleading no-contest to the relevant charges.

Additionally, at the sentencing hearing, Petitioner made an oral argument to withdraw his plea. The trial judge examined his claim and found that his plea was voluntary and denied his request. Sentencing Hr'g Tr. 5 Feb. 22, 2005. Those factual findings of the state court must be accorded a presumption of correctness. *See* 28 U.S.C. § 2254(e)(1); *see Garcia v. Johnson,* 991 F.2d 324, 326 (6th Cir. 1993) (citing *Dunn v. Simmons,* 877 F.2d 1275 (6th Cir. 1989), *cert. denied,* 494 U.S. 1061 (1990), *overruled on other grounds by Parke v. Raley,* 506 U.S. 20 (1992)).

However, Petitioner attempts to overcome that presumption by arguing that trial counsel was ineffective. The Court finds that he cannot overcome that presumption because he cannot establish that trial counsel was ineffective.

To prevail on an ineffective assistance of counsel claim on habeas review, a petitioner must demonstrate (1) that "counsel's representation fell below an objective standard of reasonableness," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 687 (1984). That test also applies to challenges to guilty pleas on the basis of ineffective assistance of counsel. *See Hill v. Lockhart,* 474 U.S. 52, 58-59 (1985).

12

In the context of guilty pleas, the first half of the *Strickland* test is nothing more than a restatement of the standard of attorney competence set forth in *Tollett v. Henderson*, 411 U.S. 258 (1973), and *McMann v. Richardson*, 397 U.S. 759 (1970), holding that whether a plea of guilty is unintelligent and therefore vulnerable when motivated by a confession erroneously thought admissible in evidence depends as an initial matter, not on whether a court would retrospectively consider counsel's advice to be right or wrong, but on whether that advice was within the range of competence demanded of attorneys in criminal cases. The second, or "prejudice," requirement focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *See Hill*, 474 U.S. at 58-59.

In this case, Petitioner's claim of ineffective assistance of counsel is without merit because it fails the *Strickland* test. Petitioner's argument, in essence, is that he was unduly rushed and pressured into pleading no-contest by his counsel. However, the trial-court transcript shows that Petitioner acknowledged at the plea hearing that he understood the entire plea agreement, that he had an opportunity to discuss the plea with his attorney, and that he was satisfied with his attorney's representation. He further represented that he was fully aware of the rights he was waiving by entering the plea. Petitioner was informed on the record both of the mandatory minimum sentences and the maximum sentences on all counts. He confirmed that his plea was undertaken freely and voluntarily and with full understanding.

The trial judge found no evidence to support Petitioner's assertion that he was pressured into pleading no-contest by his counsel, finding that his attorney, albeit his second attorney, was

13

competent. Sentencing Hr'g Tr. 5, Feb. 22, 2005. It bears repeating that Petitioner stated on the record that no one coerced him into pleading out the charges. "THE COURT: Has anyone threatened you in order to get you to plead no-contest? [PETITIONER]: No. THE COURT: Is this your own choice? [PETITIONER]: Yes." Competency Hr'g/Plea Tr. 33 Feb. 1, 2005. Moreover, Petitioner acknowledged that he understood his counsel's advice and was satisfied. *Id.* at 27.

Additionally, as noted, on the same day but prior to Petitioner's plea, the trial court held a hearing to determine whether he was competent to stand trial and, if so, whether he could present an insanity defense. Petitioner's own hired psychiatrist, Dr. Fields, was called to the witness stand by the prosecution and testified that Petitioner was competent to stand trial and that, in his opinion, Petitioner was not legally insane at the time that the offenses were committed. Competency Hr'g/Plea Tr. 12-13 Feb. 1, 2005.

Following defense counsel's cross-examination of Dr. Fields, the trial court determined that Petitioner was competent to stand trial and that he could be held criminally responsible for his actions under Michigan law. The trial court's findings were based on Dr. Fields's conclusions as well as those of the court-appointed psychiatrist from the State Center for Forensic Psychiatry, Dr. Garber. *Id.* at 24-25.

Thus, given that an insanity defense was no longer an option for Petitioner, in part because of the conclusions of Petitioner's own independent expert, it was reasonable for trial counsel to advise Petitioner to plead no-contest. Had Petitioner failed to plead no-contest, he would have faced trial as a fourth-habitual offender, which would have exposed him to a maximum sentence of life imprisonment. And, given the overwhelming evidence against Petitioner, which included the victims' identification of him as the perpetrator, it was more than likely that he would have been

14

convicted. See Prelim. Examination Hr'g Tr. 11 Mar. 15, 2004. Thus, trial counsel's advice to Petitioner was neither unreasonable nor prejudicial.

The Court concludes that Petitioner's no-contest plea was knowingly, intelligently and voluntarily made. The record reveals that he was aware of the relevant circumstances and likely consequences in pleading no-contest to the relevant charges. Moreover, the factual findings of the state courts must be accorded a presumption of correctness. Petitioner fails to overcome that presumption because he cannot demonstrate that trial counsel was ineffective. Therefore, habeas relief is not warranted with respect to this claim.

### 2.    Claims II through VI–Raised on State Collateral Review

In his remaining claims, Petitioner asserts that: (1) he was denied due process and equal protection by the trial court because the court expedited the proceedings and failed to maintain control over the proceedings (habeas claim two), (2) a hearing should have been held to determine whether he was suffering from mental disorders, whether his medications were inappropriate, and whether he was denied due process and equal protection because the court expedited the competency hearing (habeas claim three); (3) both trial and appellate counsel were ineffective (habeas claims four and five); and (4) he can show good cause for not raising the claims in his direct appeal (habeas claim six). These claims were not raised in Petitioner's direct appeal to the Michigan Court of Appeals and the Michigan Supreme Court. Rather, they were raised for the first time in his Motion for Relief from Judgment with the state trial court. Following the denial of his Post-Conviction Motion, the Court of Appeals and the Supreme Court, the last state courts rendering judgment on all of the claims, both denied relief on the grounds that Petitioner had failed to demonstrate entitlement to relief under Michigan Court Rule 6.508(D).

15

Respondent argues that the claims are procedurally defaulted because Petitioner raised the claims for the first time in his Post-Conviction Motion with the state trial court and failed to show cause and prejudice for failing to raise them earlier, as required by Michigan Court Rule 6.508(D)(3).

Federal habeas relief is precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977). The doctrine of procedural default is applicable when a petitioner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is adequate and independent. *See White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2006); *Coleman v. Mitchell*, 244 F.3d 533, 539 (6th Cir. 2001). The last-explained, state-court judgment should be used to make that determination. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991). If the last state judgment is a silent or unexplained denial, it is presumed that the last reviewing court relied upon the last reasoned opinion. *Id.*

The Sixth Circuit recently held that the form orders used by the Michigan appellate courts in this case are unexplained because they are ambiguous as to whether they refer to a procedural default or the denial of right on the merits. *Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010). It stated:

> Brief orders citing Michigan Court Rule 6.508(D) are not explained orders invoking a procedural bar. We reach this result because holdings from the Michigan courts indicate that the language used by such summary orders can refer to the petitioner's failure to establish entitlement to relief either on the merits or procedurally, and such ambiguity demands a determination that the orders are not explained. A habeas petitioner procedurally defaults a claim if:
>
> (1) the petitioner fails to comply with a state procedural rule; (2) the state courts enforce the rule; (3) the state procedural rule is an adequate and independent state ground for denying review of a federal constitutional claim; and (4) the petitioner cannot show cause and prejudice excusing the default.

16

> *Tolliver v. Sheets*, 594 F.3d 900, 928 n.11 (6th Cir.2010) (citing *Maupin v. Smith*, 785 F.3d 135, 138 (6th Cir.1986)). The second part of this rule requires federal courts to determine the basis on which state courts rejected a given claim, and this court has struggled with this interpretive task in the context of Michigan court orders citing Rule 6.508(D). *See, e.g., Alexander v. Smith*, 311 F. App'x 875, 882 (6th Cir. 2009) (discussing how an "apparent conflict within this circuit's precedent" has "[c]omplicat[ed] matters" with respect to this question).

*Guilmette*, 624 F.3d at 289-90.

In this case, the Michigan Court of Appeals rejected Petitioner's Post-Conviction Appeal on the ground that it "lacke[d] merit in the grounds presented," *Stradley*, No. 286052, and the Michigan Supreme Court rejected his Post-Conviction Appeal on the ground that he "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *Stradley*, 485 Mich. 862, 771 N.W.2d 783. Those Orders, however, neither referred to subsection (D)(3) nor did they mention Petitioner's failure to raise the claims in his initial Application for Leave to Appeal as their rationale for rejecting his post-conviction claims. Because the form Orders in this case are ambiguous as to whether they refer to procedural default or a denial of post-conviction relief on the merits, the Orders are unexplained. *Guilmette*, 624 F.3d at 291. This Court must "therefore look to the last[-]reasoned, state[-]court opinion to determine the basis for the state court's rejection" of Petitioner's claims. *Id.*

In considering and denying Petitioner's Motion for Relief From Judgment, the Oakland County Circuit Court judge, after reciting the "cause and prejudice" standard under Michigan Court Rule 6.508(D)(3), found that Petitioner had failed to satisfy the "good cause" requirement under Michigan Court Rule 6.508(D)(3). *Stradley*, No. 2004-195184-FC, at *4. The judge further concluded that Petitioner had failed to demonstrate "actual prejudice," as required by Michigan Court Rule 6.508(D)(3). *Id.*

17

Because the trial court judge denied Petitioner post-conviction relief based on the procedural grounds stated in Michigan Court Rule 6.508(D)(3), Petitioner's post-conviction claims are clearly procedurally defaulted. *See Ivory v. Jackson*, 509 F.3d 284, 292-93 (6th Cir. 2007); *see also Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005). The fact that the trial judge may have also discussed the merits of Petitioner's claims in addition to invoking the provisions of Michigan Court Rule 6.508(D)(3) to reject Petitioner's claims does not alter this analysis. *See Alvarez v. Straub*, 64 F. Supp. 2d 686, 695 (E.D. Mich. 1999) (Rosen, J.). A federal court need not reach the merits of a habeas petition where the last, state-court opinion clearly and expressly rested upon procedural default as an alternative ground, even though it also expressed views on the merits. *Jenkins v. Rivard*, No. 2:11-CV-10469, 2012 WL 313947, at *9 (E.D. Mich. Jan. 31, 2012) (Cleland, J.) (citing *McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991)). Petitioner's second through fourth claims are procedurally defaulted.

Petitioner could not have procedurally defaulted his fifth and sixth habeas claims which allege that appellate counsel was ineffective because state post-conviction review was the first opportunity that he had to raise the claims. *See Guilmette*, 624 F.3d at 291. However, for the reasons stated below, he is not entitled to habeas relief.

With respect to his post-conviction claims, Petitioner alleges ineffective assistance of appellate counsel as cause to excuse his procedural default. Petitioner has not shown that appellate counsel was ineffective.

It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). The United States Supreme Court has explained:

18

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the . . . goal of vigorous and effective advocacy . . . . Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id.* at 463 U.S. at 754.

Moreover, "a brief that raises every colorable issue runs the risk of burying good arguments–those that, in the words of the great advocate John W. Davis, 'go for the jugular,'–in a verbal mound made up of strong and weak contentions." *Jones*, 463 U.S. at 753 (citations omitted).

The Supreme Court has subsequently noted that:

> Notwithstanding Barnes, it is still possible to bring a *Strickland* [v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ] claim based on [appellate] counsel's failure to raise a particular claim [on appeal], but it is difficult to demonstrate that counsel was incompetent.

*Smith v. Robbins*, 528 U.S. 259, 288 (2000).

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and would have resulted in a reversal on appeal. *See Meade v. Lavigne*, 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003) (Tarnow, J.) (citing *Smith*, 477 U.S. at 536).

19

Petitioner has failed to show that appellate counsel's performance fell outside the wide-range of professionally competent assistance by omitting the claims that he raised for the first time in his Post-Conviction Motion for Relief from Judgment.  Appellate counsel filed an appellate brief, raising what he believed to be the strongest of Petitioner's arguments, including a challenge to the voluntary nature of Petitioner's no-contest plea and challenges to his sentencing.  It was a tactical decision on the part of appellate counsel as to which issues to raise on direct appeal.  Petitioner has not shown that appellate counsel's strategy in presenting those claims and not raising other claims was deficient or unreasonable.  Moreover, for the reasons stated by the Oakland County Circuit Court in rejecting Petitioner's Post-Conviction Motion, none of the claims raised by Petitioner in his Post-Conviction Motion were "dead bang winners."  Because the defaulted claims are not "dead bang winners," Petitioner has failed to establish cause for his procedural default.  *See McMeans v. Brigano*, 228 F.3d 674, 682-83 (6th Cir. 2000).

Because these post-conviction claims lack merit, this Court must reject any independent ineffective-assistance-of-appellate-counsel claim raised by Petitioner.  "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010), *cert. denied*, --- U.S. ---, 131 S.Ct. 1013 (2011) (quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)).

In this case, Petitioner has failed to show cause to excuse his default of the claims that he raised for the first time on state post-conviction review.  Because he has not demonstrated any cause for his procedural default, it is unnecessary for the Court to reach the prejudice issue.  *Smith*, 477 U.S. at 533.

20

Additionally, Petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider these claims as grounds for habeas review, in spite of the procedural default. Because he has not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will not occur if the Court declines to review his procedurally-defaulted claims on the merits. *See Johnson v. Smith*, 219 F. Supp. 2d 871, 882 (E.D. Mich. 2002) (Borman, J.) (citing *Schlup v. Delo*, 513 U.S. 298 (1995)).

Finally, assuming that Petitioner had established cause for the default of his claims, he would be unable to satisfy the prejudice prong of the exception to the procedural default rule, because his claims would not entitle him to relief. The cause and prejudice exception is conjunctive, requiring proof of both cause and prejudice. *Smith*, 477 U.S. at 533; *see also Matthews v. Ishee*, 486 F.3d 883, 891 (6th Cir. 2007). Thus, Petitioner is not entitled to habeas relief on his procedurally defaulted claims or his ineffective-assistance-of-appellate-counsel claim.

## IV.   CONCLUSION

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained his Petition and that the Petition for a Writ of Habeas Corpus must be denied.

Before Petitioner may appeal the Court's decision, a Certificate of Appealability (COA) must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the Court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A

21

petitioner satisfies this standard by demonstrating that [] jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a court may not conduct a full merits review but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id.* at 336-37. However, when a district court denies habeas relief on procedural grounds without reaching the petitioner's constitutional claims, a COA may issue if the petitioner shows that jurists of reason would find it debatable whether (1) the petition states a valid claim of a denial of a constitutional right; and (2) the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484–85.

Having conducted the requisite review, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right with respect to his first habeas claim. As to his remaining claims, which the Court found procedurally defaulted, the Court also does not believe that jurists of reason would find the correctness of that finding debatable. The Court therefore declines to issue Petitioner a COA.

Typically, a party "permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal *in forma pauperis* without further authorizations." However, the Court denies Petitioner leave to appeal *in forma pauperis* because any appeal would be frivolous. Fed. R. App. P. 24(a)(3).

Accordingly;

IT IS ORDERED that the Petition for a Writ of Habeas Corpus is DENIED and DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the Court DECLINES to issue Petitioner a COA and DENIES him permission for an Application for Leave to Appeal *In Forma Pauperis*.

IT IS SO ORDERED.

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

DATED: 6-22-12

23